# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2427 | **DATE** | 7/03/2009 |
| **CASE TITLE** | Elizarri, et al. vs. Sheriff of Cook County et al | | |

**DOCKET ENTRY TEXT**

Plaintiffs are directed to file their second amended complaint in the docket, as it has previously only been attached to their motion seeking leave to file. (*See* Doc. No. [23].) Defendants' motion to dismiss the second amended complaint [35] is denied. Defendants are to answer the second amended complaint within 21 days. Status set for 7/29/09 at 10:00 a.m.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiffs Leoncio Elizarri, Dexter Smith, Thomas Haugabook, and Aaron Magallanes have filed a lawsuit alleging two distinct theories. First, all four Plaintiffs argue that there is a "pattern and practice" at the Cook County Jail whereby inmates' personal property is inventoried and stored in the Personal Property Section of the Trust Department at the Cook County Jail; the property is then "destroyed or defalcated" by employees of the Jail; this practice is so "permanent and well-settled" that it constitutes a custom or usage; the Sheriff is aware of this practice but has failed to take corrective action; and the Sheriff has adopted a "confusing and misleading procedure" whereby inmates are first told to file a state action against the Illinois Department of Corrections, these actions are then contested on the basis that the wrong defendant is named, and the actions are often dismissed for want of prosecution when the inmate fails to amend and/or pursue the matter. All four Plaintiffs have lost personal property as a result of this process, though not all of them initiated a state tort action. Plaintiffs bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, and seek monetary damages only. Plaintiff Elizarri also brings a separate claim specific to him, related to medical treatment he received at the jail.

Defendants have moved to dismiss the class allegations. Defendants first argue that these facts cannot assert a claim; Defendants allege that depriving an individual of property, though possibly a tort under state law, is not a constitutional violation cognizable under § 1983. The Supreme Court held in *Parratt v. Taylor*, 451 U.S. 527, (1981) that a negligent deprivation of property does not violate the Fourteenth Amendment so long as post-deprivation remedies are available, and this holding was extended to intentional deprivations of property in *Hudson v. Palmer*, 468 U.S. 517 (1984). However, those cases are limited to situations involving random and

**STATEMENT**

unauthorized acts. This lawsuit is premised on *Monell* liability, and Plaintiffs must establish a pattern or practice to prevail. As the Seventh Circuit has explained, "a complaint asserting municipal liability under *Monell* by definition states a claim to which *Parratt* is inapposite." *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 380 (7th Cir. 1988).

Defendants next argue that the Plaintiffs have failed to exhaust by failing to "demand[] return of property before filing suit," as a state-court action in replevin would require. Defs.' Br. at 4. As noted above, there is no requirement that bring a state action, and this argument regarding the requirements of a state action are moot. Furthermore, exhaustion is an affirmative defense which need not be pled in a complaint—Defendants' argument that plaintiffs failed to "plead" exhaustion, *see* Defs.' Mem. in Supp. at 4, is in error. *See Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006).

Finally, Defendants argue that Plaintiffs have failed to allege an official policy causing their injuries. A policy is alleged—Plaintiffs specifically state that there is a permanent and well-settled practice to destroy or defalcate inmates' personal property. As Defendants acknowledge, when a practice is not expressly condoned, but is "so permanent and well settled as to constitute a 'custom or usage,'" *Monell* liability may apply. *Baxter by Bexter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994) (citations omitted). Here, Plaintiffs have not only alleged a policy and have alleged that they have lost property as a result of this policy, but they also allege that misinformation is given to inmates who complain about the lost items. These factual allegations lend credence to the argument that this is a widespread practice of which Jail officials are aware and help to maintain. Of course, now is not the time to determine if such a widespread practice in fact exists, but there are sufficient factual allegations to allow this court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted). Defendants' motion to dismiss the class action count is denied.

Defendants do not respond to the individual medical treatment allegations raised by Elizarri, but inserted a footnote stating that "Defendants request ruling on their motion to dismiss Plaintiffs Smith, Hagabook, and Magallanes [sic] claims prior to responding to Plaintiff Elizarri [sic] claims." Defs.' Br. at 2 n.1. This request was not made to or granted by the court prior to the motion being filed, and the intent of this footnote is unclear. If Defendants were seeking permission to delay *answering* the complaint until the motion to dismiss was resolved, this is granted. If Defendants were intending to file a Rule 12(b) motion to dismiss, this is prohibited by Rule 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").