# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2427 | **DATE** | 1/24/2011 |
| **CASE TITLE** | Leonicio Elizarri et al. vs. Sheriff of Cook County et al. | | |

**DOCKET ENTRY TEXT**

Opinion: The plaintiffs' renewed motion for class certification [69] is granted. In addition, the plaintiff's motion to substitute unnamed class members for former class members [92] is granted in part and denied in part as follows: the plaintiff may substitute Grzegorz Zawadowicz and Ronald Richardson as named plaintiffs in the place of Aaron Magallanes, Thomas Haugabook, and Dexter Smith, but may not substitute Kenneth Morris. The plaintiffs should comply with this court's order, (Doc. 97), directing them to file an amended complaint. A status hearing is set in this matter for February 1, 2011 at 9:30 a.m.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Presently before the court is the plaintiffs' renewed motion for class certification and the plaintiffs' motion to substitute unnamed class members for former class members.

I. Class Certification

The plaintiffs seek to certify a class of persons who, after being incarcerated at Cook County Jail (the "Jail"), made a timely request for the return of property taken from them, but were told by Jail officials that the property had been lost or stolen.

The plaintiffs bear the burden of establishing that a class should be certified. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (citing *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir. 1984)). To do so, the plaintiffs must establish each of the elements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequacy of representation – and one of the elements of Rule 23(b). *Id.* (citing Fed. R. Civ. P. 23 and *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000)). In two previous orders, (*see* ECF Nos. 58 & 67), the court found that the plaintiffs have established each of the elements of Federal Rule of Civil Procedure 23(a), except for numerosity, *see* Fed. R. Civ. P. 23(a)(1), and that the plaintiffs have established that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," *see* Fed R. Civ. P. 23(b)(3).[1]

As an initial matter, the defendants argue that the plaintiffs' class definition is so vague that it fails to enable the court to "ascertain who is in the class and who is not." (Defs.' Resp. at 3, ECF No. 83.) The plaintiffs define the class as follows: "All persons who, on or after June 6, 2005, made a timely request for the return of property taken from them upon admission to the Jail and whose property was not returned because it has been lost or stolen." (Pls.' Renewed Mot. for Class Certification at 1, ECF No. 69.) As the court previously noted, "The class definition could easily be modified to clarify" that the defendants' "internal regulations provided for

## STATEMENT

120 days (until 2007) then 90 days (since 2007) after release to reclaim lost property." (Order, ECF No. 67.) Furthermore, given that the plaintiffs' second amended complaint alleges that "there has been a practice at the Cook County Jail that . . . personal property . . . is destroyed or defalcated by employees of defendant Sheriff," (Second Am. Compl. ¶ 6, ECF No. 43), not that it was merely lost or stolen, the court finds that the plaintiffs' previous class definition - which said that class members "were informed that the property had been lost or stolen," not that it was actually lost or stolen - was more accurate. (Pls.' Reply Mem. in Supp. of Mot. for Class Certification at 1-2, ECF No. 57.) Accordingly, the class definition is modified to read: "All persons who, on or after June 6, 2005, made a timely request for the return of property taken from them upon admission to the Jail and were informed that the property had been lost or stolen. A request by a person who was released before July 27, 2007 was timely if it was made within 120 days of his/her release. A request by a person who was released on or after July 27, 2007 was timely if it was made within 90 days of his/her release." (*See* Sheriff Thomas Dart's Resp. to Pls.' Mot. for Class Certification at 2, ECF No. 53 (setting forth the deadlines for inmate requests that personal property be returned).)

Regarding numerosity, the court previously noted that the plaintiffs failed to carry their burden of demonstrating numerosity because the affidavits that the plaintiffs previously submitted of other putative class members did "not indicate when the affiants, all former detainees at the jail, attempted to reclaim their property from the jail," so it was unclear whether those affiants timely requested that their belongings be returned and thus unclear whether those affiants could be a part of the class. (Order, ECF No. 67.); *Day v. Check Brokerage Corp.*, 240 F.R.D. 414, 417 (N.D. Ill. 2007) ("A certifiable class must be so numerous that the joinder of all of its members as plaintiffs would be impractical."). The plaintiffs correct this problem in their renewed motion for class certification by attaching affidavits from 69 individuals who - in addition to averring that they (a) were released from the Jail and (b) timely requested that their belongings be returned, but (c) were told that the property was lost - each identify when they requested that their belongings be returned. (*See generally* Pls.' Renewed Mot. for Class Certification Ex. 1, ECF No. 69.)

In response, the defendants produce evidence casting doubt on the veracity of many of these affidavits. Specifically, according to the defendants, 26 of the 69 individuals could not have requested the return of their property in person because they were transferred from the Jail to the Illinois Department of Corrections ("IDOC"). In support of this argument, the defendants attach IDOC inmate status reports for each of the 26 individuals, demonstrating that these putative class members were incarcerated in IDOC when, according to their affidavits, they requested the return of their property. In reply, the plaintiffs point to yet another individual, not among the 69 individuals submitted in their motion, who was transferred from the Jail to IDOC but was released in time to make a timely request for the return of his property at the Jail. Regardless of whether this establishes that individual's membership in the putative class, it does not explain how the 26 declarants incarcerated at IDOC were able to request the return of their property. Without more evidence regarding how these inmates requested the return of their property, the court cannot conclude that they are class members.

The defendants also contend that 12 declarants attempted to retrieve property, not in person, but through another person such as a friend or family member, and, in their affidavits, rely on hearsay statements regarding the other persons' attempts to retrieve the property in question. The plaintiffs argue that the other persons' statements, although hearsay, may be considered at the class certification stage. The court need not enter the debate because the affidavits provided in this case are deficient. As indicated above, the affidavits all proceed according to the same form, and the majority of declarants attest to having requested the return of their property in person. The 12 declarants at issue here all write, in a hand-written note, that someone else requested the return of property on their behalf. There is no indication that handwritten notes regarding the efforts of others to retrieve their property were also sworn-to; some of the notes are simply attached to the affidavits, while others are made to the side, and contradict statements in the affidavits themselves.

The defendants also contend that the property of 18 declarants (eight of whom have not been identified above) is currently at the Jail and can be retrieved there. The plaintiffs do not respond to this argument.

| STATEMENT |
|---|

However, the court declines to disregard these declarants, as the defendants urge, (except as separately disregarded above), because even if their property is now available to them, they still may have been told, when they timely requested their property, that their property was lost or stolen.

Rather, deducting the 38 declarants above, none of whom the court will consider without more evidence, the plaintiffs are left with at least 31 class members. In reply, the plaintiffs attempt to bolster this number by submitting the affidavits, in the same typewritten form as the previous 69, of 19 additional persons who aver that they also timely attempted to retrieve their property from the Jail, but were told that the property had been lost. This evidence, not submitted with the original renewed motion and submitted for the first time on reply, and without giving the defendants an opportunity to respond, will not be considered.

Nevertheless, smaller classes have been certified. *See Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D. Ill. 1983) (class of 20); *see also Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996) (class of 18); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (class of 29). In addition, as the court previously noted, "[E]ven if the class is only half its currently proposed size [then 80], it is sufficiently numerous (and makes joinder sufficiently impracticable) to satisfy the numerosity requirement." (Order, ECF No. 58.); *See, e.g., Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (noting that a class of 40 would have been acceptable), *rev'd on other grounds*, 475 F.2d 516 (7th Cir. 1973). Even assuming that the class is only 31 plaintiffs strong, joinder continues to be sufficiently impracticable and the class continues to be sufficiently numerous to satisfy the numerosity requirement.

Accordingly, the court finds that the plaintiffs have satisfied their burden of demonstrating numerosity. As a result, the class is certified.

II. Substitution of Unnamed Class Members for Former Named Plaintiffs

The plaintiffs move for leave to substitute Ronald Richardson, Kenneth Morris, and Grzegorz Zawadowicz as named plaintiffs in the place of Aaron Magallanes, Thomas Haugabook, and Dexter Smith. Magallanes, Haugabook, and Smith have each accepted Rule 68 offers of judgment from the defendants. As the plaintiffs correctly point out, "Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ("routine") feature of class action litigation both in the federal courts and in the Illinois courts." *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (citations omitted). Nevertheless, the defendants argue that the court should deny the plaintiffs' motion because the plaintiffs' affidavits are unreliable and do not support numerosity. The court has addressed these arguments and will not do so again here. Both Richardson and Zawadowicz' affidavits attest that they requested that their belongings be returned within 90 days of their release.[2] (*See* Pls.' Reply Ex. 1 at 15-16 & 21, ECF No. 90.) However, Morris' affidavit does not specify the date on which he requested that his belongings be returned. (*See* Pls.' Reply Ex. 1 at 11, ECF No. 90.) Instead, Morris' affidavit attaches a document, presumably given to Morris when he requested that his belongings be returned, that is dated December 30, 2008 (Morris avers that he was released on January 30, 2009) and includes a handwritten note that Morris' clothes were "lost in Div. 5." (*See* Pls.' Reply Ex. 1 at 12, ECF No. 90.) The court finds this problematic and cannot conclude, based on these documents alone, that Morris is a class member. As a result, the plaintiffs are granted leave to substitute Richardson and Zawadowicz as named plaintiffs in the place of Magallanes, Haugabook, and Smith, but are not granted leave to substitute Morris as a named plaintiff in the place of Magallanes, Haugabook, and Smith.

---

[1] The defendants raise several arguments against a finding that the plaintiffs have satisfied the other three requirements of Rule 23(a), as well as Rule 23(b)(3). However, the court sees no reason to reconsider its previous order. The defendants argue, *inter alia*, that the plaintiffs do not bring a cognizable claim under § 1983, which only provides a remedy for constitutional torts, because negligently losing an inmate's

| STATEMENT |
|---|

property does not deprive them of a constitutional right. (Defs.' Resp. at 4-7, ECF No. 83 (citing *Del Raine v. Williford*, 32 F.3d 1024 (7th Cir. 1994), and *Daniels v. Williams*, 474 U.S. 327 (1986)).) However, as the court implied in its order denying the defendants' motion to dismiss (Order, ECF No. 42), the plaintiffs do not allege that the defendants were negligent or that property was merely lost. Rather, they allege that the defendants had a policy of destroying or embezzling inmate property, then telling the inmate that his/her property was lost or stolen. (*See* Second Am. Compl. ¶¶ 6, 9, ECF No. 43)

2     The court noted above that, for the purposes of its consideration of the plaintiffs' renewed motion for class certification, it would not consider the 19 affidavits that the plaintiffs submitted with their reply because the defendants did not have an opportunity to respond to them. The court considers them in resolving the plaintiffs' motion for leave to substitute unnamed plaintiffs for former named plaintiffs because the defendants did have an opportunity to respond and, in fact, did respond to the plaintiffs' motion to substitute.