# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2427 | **DATE** | 2/13/2013 |
| **CASE TITLE** | Elizarri vs. Sheriff of Cook Co., et al. | | |

**DOCKET ENTRY TEXT**

The magistrate judge's ruling [202] is set aside pursuant to Fed. Rule Civ. P. 72(a). Plaintiffs' Motion to Compel Production of Electronically Stored Information [195, 200] is granted.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Before the court are Plaintiffs' objections to the discovery ruling of January 10, 2013 (ECF No. 202), denying Plaintiffs' Motion to Compel Production of Electronically Stored Information. (ECF Nos. 195, 200.) For the following reasons, the court finds the magistrate judge's order clearly erroneous, sets aside the order, and orders Defendants to produce the requested discovery materials.

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter which is not privileged and which is relevant to the claim or defense of any party. On November 23, 2011, Plaintiffs requested documents including "'original intake receipts' . . . for the period from June 6, 2005 to the present," and any "documents related to the processing of personal property and money belonging to individuals incarcerated in the Cook County Jail" during that time. (Pl.'s Objections Ex. 3 1-2, ECF No. 204.) On April 2, 2012, Plaintiffs requested original property receipts for property belonging to a list of former inmates. On September 20, 2012, Plaintiffs moved to compel the production of receipts for thirty-two former detainees.

Defendants scanned, at their own expense, approximately 400,000 property receipts from the Cook County Jail. Plaintiffs' request for a copy of the digital version of the receipts was rejected; Defendants instead allowed Plaintiffs to view and make paper copies of the documents. On November 1, 2012, the magistrate judge ruled that Defendants were required to turn over receipts and property claim forms for the thirty-two former detainees identified by Plaintiffs, but that production of the scanned receipts was premature, as Plaintiffs had not requested those receipts in their September 20, 2012, motion to compel. On November 13, 2012, the Plaintiffs moved to compel production of the electronic version of the property receipts. (Mot. to Compel, ECF No. 195.)

The magistrate judge held on January 10, 2013, that Defendants were not required to produce the scanned version of the property receipts, and that they had satisfied their discovery obligations by making the invoices available for inspection and copying. The magistrate judge stated that Plaintiffs should not get the benefit of the electronic imaging of the property receipts when Defendants had born the costs of converting the invoices to an electronic format. She also indicated that Plaintiffs had received the requested documents "in the original paper format." (Pl.'s Objections Ex. 11 (Tr. Jan. 10, 2012), ECF No. 204.) Plaintiffs timely objected to that ruling

| STATEMENT |
|---|

pursuant to Federal Rule of Civil Procedure 72(a).

The ruling at issue concerns a non-dispositive pretrial matter. Pursuant to Federal Rule of Civil Procedure 72(a), the magistrate judge's disposition of the motion to compel may be set aside only if it is "clearly erroneous or contrary to law." *See also Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). In other words, the court should reverse the ruling only if it "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, the court first finds that the records kept by Defendants are discoverable, pursuant to Federal Rule of Civil Procedure 26(b)(1), as they are relevant to the defenses that Defendants will likely raise in this action. A party is required to produce documents in the format in which they are "ordinarily maintained" or in a "reasonably usable" format. Fed. R. Civ. P. 34(b)(2)(E)(ii). Contrary to Defendants' assertions and the magistrate judge's conclusion, Plaintiffs have not received the requested documents "in the original paper format." The documents were ordinarily maintained as individual slips of paper, but Defendants have chosen not to produce them in that format. What Plaintiffs have been offered is an opportunity to view and copy the *scanned* version of the documents.

As the original documents are not being produced, Defendants must produce the documents in a reasonably useful form. Defendants now possess an electronic version of the documents. That version is what Defendants will presumably use in their own litigation strategy, and that version is what Plaintiffs have requested. The court concludes that production of the documents in a "reasonably usable format" requires that the digital version be produced, not a less manageable format.

The court has considered Defendants' arguments against production of the digital version of the receipts. Their objections to production have nothing to do with the content of the requested materials. Nor do they argue that it would be unduly inconvenient to provide Plaintiffs with a digital copy of the receipts. Rather, the court concludes that Defendants do not wish to provide Plaintiffs with a copy of the scanned receipts because Defendants spent a significant amount of money scanning the documents. This is not a basis on which to deny the discovery request. Defendants chose to create a scanned version of the receipts, presumably because they perceived some benefit to themselves in doing so.

The court finds no other basis to deny Plaintiffs the requested discovery. Although the Federal Rules of Civil Procedure place specific limitations on the production of electronically stored information, Defendants do not argue that the information requested "is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Generally, courts do not require parties to produce the same discovery materials in more than one form. *See* Fed. R. Civ. P. 34(b)(2)(E)(iii). Here, however, the documents have yet to be produced in a reasonably usable format. And although Defendants argue that the documents were electronically formatted solely for the purposes of litigation, even materials prepared in anticipation of litigation must be produced if they are otherwise discoverable, and a party cannot obtain their substantial equivalent by other means without undue hardship. *Id.* 26(b)(3)A). Scanning or otherwise formatting documents does not result in privileged work product. *See, e.g.*, *Mack v. HH Gregg, Inc.*, No. 08 C 0664-LJM-DML, 2010 WL 342545, at *1 (S.D. Ind. Jan. 29, 2010); *Nat'l Union Elec. Corp. v. Matsushita Elec. Indus. Co.*, 494 F. Supp. 1257, 1260 (E.D. Pa. 1980) (holding that formatting is not work product). Forcing Plaintiffs to first copy the invoices, and then to scan them

| STATEMENT |
|---|
| themselves in order to use them in the same format in which Defendants will use them as this case proceeds toward summary judgment and trial, would cause Plaintiffs undue hardship.<br><br>    In summary, the court is firmly convinced that a mistake was made in the magistrate judge's January 10, 2013, order. *See Weeks*, 126 F.3d at 943. The court therefore reverses the order denying Plaintiffs' motion to compel. The court orders the Sheriff of Cook County to provide Plaintiffs with a digital copy of the scanned property receipts from the Cook County Jail. |