**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEONCIO ELIZARRI, DEXTER SMITH, THOMAS HAUGABOOK, AARON MAGALANES, individually and for a class | ) ) ) ) | |
| Plaintiffs, | ) ) | 07 C 2427 |
| vs. | ) ) | Honorable Judge Joan Gottschall |
| SHERIFF OF COOK COUNTY AND COOK COUNTY, ILLINOIS, | ) ) ) | Magistrate Judge Soat Brown |
| Defendants. | ) ) | |

**PROTECTIVE ORDER**

NOW COMES Defendants, SHERIFF OF COOK COUNTY AND COOK COUNTY, ILLINOIS, by and through their attorney, ANITA ALVAREZ, State's Attorney of Cook County through MICHAEL J. SORICH, Assistant State's Attorneys and submits this motion for a protective order relative to Defendants discovery requested by Plaintiff in this matter.

IT IS HEREBY ORDERED BY THE COURT AS FOLLOWS:

1. This Protective Order shall bind each Party, any agents of a Party or of counsel to this litigation ( a "Party") and any third party.

2. The Parties and their counsel recognize that discovery in this case will include the production of documents, which contain the names and information of detainees that are or were confined at the Cook County Jail, CDs, personal property inventory receipts, sensitive information or information of a particular security interest of the defendants (hereinafter referred to as "Confidential Material"), which the defendants may wish to

protect against disclosure. These documents are Confidential Material as defined in this Order. Confidential Material may be disclosed only to the Qualified Persons listed in Paragraph 4 of this Order. Confidential Material may be used only by the Qualified Persons listed in Paragraph 4 of this Order.

3. All documents designated as Confidential Material in accordance with this Order shall be used only for the purpose of prosecuting or defending this lawsuit (including any appeals) and <u>not</u> for any other litigation or for publication or release to the media, or for any other purpose whatsoever, subject to the provisions set forth in Paragraph 11 of this Order. All documents designated as Confidential Material in accordance with this Order shall not be given, shown, divulged, made available or communicated in any way to anyone except those persons designated in this Protective Order and for purposes permitted under this paragraph. Said documents will be presented to Plaintiffs' counsels in a CD, read-only format for purposes of this litigation.

4. The persons other than the Court and the Court's reporter, clerk and Court staff having access to Confidential Material ("Qualified Persons") shall be as follows:

    (a) Counsel for the Parties (including members or associates of such counsel's firm) as well as their paralegal, investigative, secretarial and clerical personnel only for purposes of the prosecution or defense of this litigation:

    (b) Court reporters transcribing or recording testimony or arguments in this case;

    (c) Outside experts, consultants or other professionals, including photographers and photographic assistance, retained or consulted by any

     Party for the purpose of the prosecution or defense of this litigation, who have read a copy of this Protective Order; and

  (d)  Witnesses in any deposition or testimonial Court proceeding.

5.  All persons to whom Confidential Material is disclosed shall treat that information as confidential and shall take necessary precautions to prevent unauthorized disclosure of said materials. Any copies made of Confidential Material shall be subject to the confidentiality provisions of this Protective Order.

6.  All documents filed with the Court shall be designated as Confidential Material pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 26.2. The entry of this Protective Order shall not limit in any way the evidence or proof of any Party at any hearing, trial or appeal of this action.

7.  Throughout this litigation and any appeal these documents though reviewed and used by the Parties, shall remain in the possession, custody and control of Parties' counsel and outside experts, consultants or other professionals, including photographers and photographic assistance, retained or consulted by any Party for the purpose of the prosecution or defense of this litigation, who have read a copy of this Protective Order.

8.  In the event any Party's counsel having possession, custody or control of any documents which have been produced and hereby designated Confidential Material hereafter receives a subpoena or other process or Order to produce such information, the Party's counsel in possession of the Confidential Material shall (a) notify the attorneys of record of the other Party as soon as reasonably possible and prior to the production of Confidential Material; (b) furnish those attorneys of record with a copy

of said subpoena or other process or Order; and (c) cooperate with respect to any procedure sought to be pursued by the attorneys of record for the other Party by (i) refraining from producing any Confidential Material in response to said subpoena or other process or Order to the extent permitted by law for twenty-one (21) days from the date the copy of said subpoena or other process or Order is furnished to the attorneys of record for the other Party so as to allow those attorneys the opportunity to file an appropriate objection, and (ii) to the extent any such objection is filed and to the extent permitted by law, refraining from producing any Confidential Material in response to said subpoena or other process or Order until the relevant court or tribunal rules on that objection.

9. Upon final termination of this action, whether by settlement, dismissal or other disposition (including any appeals), all originals and copies of Confidential Materials in the possession of a Party's counsel shall be returned to Defendants' counsels.

10. By this Protective Order, the Parties do not waive their right to make application to this Court for a determination that material designated as Confidential Material does not contain confidential, sensitive, or information of a particular security interest sufficient to justify the designation, or that under the circumstances such material should be released from the provisions of this Order.

11. This Protective Order is without prejudice to the right of any Party to seek relief from or modification of any provision contained herein by motion to the Court.

12. Nothing herein constitutes or may be interpreted as a waiver by any Party of the protections afforded under the attorney-client privilege or work product doctrine.

IT IS SO ORDERED THIS _____ DAY OF MARCH, 2013.

ENTERED:

_____
Judge